UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TARIQ BELT, :
 :
    Petitioner : No. 4:CV-10-2125
 :
vs. : (Petition Filed 10/14/10)
 :
U.S. DEPT. OF JUSTICE, et al., : (Judge Muir)
 :
    Respondents :

**MEMORANDUM AND ORDER**

October 26, 2010

    Tariq Belt, an inmate presently confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Belt challenges the validity of his sentence from the United States District Court for the District of Maryland.

    The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof. For the reasons set forth below, the petition will be dismissed summarily.

**Background**

On December 12, 2005, Belt was sentenced in the United States District Court for the District of Maryland to a 212 Months [M.] of imprisonment, after pleading guilty to conspiracy to distribute and possess with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. § 846. See United States v. Belt Crim. Action No. 1:03-cr-00376-WDQ-1(D. Md (Baltimore) 2003).

On October 23, 2006, Belt filed a motion to vacate pursuant to 28 U.S.C. § 2255. Id.

On January 3, 2007, Belt's 2255 motion was denied. Id.

On November 20, 2009, Belt filed a second 2255 motion. Id. By Order dated December 15, 2009, the Court notified Belt that his motion appeared to be untimely under 28 U.S.C. § 2255(1), and granted Belt additional time to file a response indicating why the motion was subject to equitable tolling or otherwise timely. Id.

On March 16, 2010, the Court dismissed Belt's motion as time-barred, as Belt failed to provide a basis for equitable tolling. Id.

On June 16, 2010, Belt filed a third 2255 motion. Id.

2

By Order dated June 22, 2010, the Court dismissed the motion without prejudice for lack of subject matter jurisdiction for Belt's failure to seek permission to file a second or successive petition, from the United States Court of Appeals for the Fourth Circuit. Id.

October 14, 2010, Belt filed the instant petition for writ of habeas corpus, challenging his sentence pursuant to 28 U.S.C. § 2241. (Doc. 1). In his instant petition, Belt claims that as a result of the recent "bill reducing the disparity between federal mandatory sentences for convictions for crack cocaine and the powder form of the illegal drug", Belt's sentence is "unjustly discriminatory." (Doc. 1, petition). As such, Belt seeks an order to "show cause why petitioner should not be ordered discharged and released from custody." Id.

**Discussion**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Belt clearly maintains that his federal sentence violates his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See Id</u>.; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show

that the motion remedy is inadequate or ineffective. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), <u>cert. denied</u>, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." <u>Strollo v. Alldredge</u>, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), <u>cert. denied</u>, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. <u>In Re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997).

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence

5

pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. <u>Id</u>. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. <u>Galante</u>, 437 F.2d at 1165.

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. <u>Reyes-Requena v. United States</u>, 243 F. 3d 893, 901 (5th Cir. 2001) (<u>citing</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)). Belt has not met this burden. Moreover, Belt does not state that he has requested permission from the United States Court of Appeals for the Fourth Circuit for leave to file a successive petition. There remains that possibility that Belt would be granted permission by the Fourth Circuit to file a successive § 2255 motion, if appropriate. Thus, the court will dismiss Belt's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right petitioner may have to seek leave to file a second or successive § 2255 motion.

An appropriate Order accompanies this Memorandum Opinion.

_____
MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TARIQ BELT,　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　Petitioner　　　　　　　:　　No. 4:CV-10-2125
　　　　　　　　　　　　　　　　:
　　vs.　　　　　　　　　　　　 :　　(Petition Filed 10/14/10)
　　　　　　　　　　　　　　　　:
U.S. DEPT. OF JUSTICE, et al., :　　(Judge Muir)
　　　　　　　　　　　　　　　　:
　　　　Respondents　　　　　　 :

## ORDER

October 26, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus (Doc. 1, petition) is **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court shall **CLOSE** this case.

　　　　　　　　　　　　　　　　　　_/s/ Muir_
　　　　　　　　　　　　　　　　　　MUIR
　　　　　　　　　　　　　　　　　　United States District Judge